UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSICA JIMENEZ, individually and on behalf of all other current and former similarly situated California employees of Defendants,<br><br>Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, INC. and MENZIES AVIATION GROUP (USA), INC.,<br><br>Defendants. | Case No: C 10-3477 SBA<br><br>**ORDER TO SHOW CAUSE RE REMAND** |

On June 2, 2010, Plaintiff commenced the instant wage and hour class and representative action in the Superior Court of California, County of San Francisco. The Complaint alleges that Defendants violated California labor laws and regulations by failing to pay wages for "off-the-clock" work and failing to provide tools and equipment or reimbursement for work-related expenses. Dkt. 1. On August 9, 2010, Defendants removed this action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Id.[1] Plaintiff is a resident of California. Compl. ¶ 5; Notice of Removal ¶ 3. Defendants are Delaware corporations, with principal places of business in Texas. Compl. ¶¶ 9, 10; Notice of Removal ¶¶ 4, 5.

Though the Complaint is silent as to the amount of damages at issue, Plaintiff alleges in her Complaint that she was employed by Defendants from January 15, 2009 to February 22, 2010, or approximately thirteen months. Compl. ¶ 15. Her most recent wage rate was $14.83 per hour. Id. ¶ 17. Plaintiff bases her claim that Defendants failed pay "off-the-clock" wages

---

[1] While the Complaint is styled as a class and representative action, Defendants did not allege removal jurisdiction based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).

on her allegation that she "spent approximately one hour off-the-clock each way (for a total of two hours per shift) waiting and riding [Defendants'] shuttle bus when she parked at [Defendants'] parking lot." Id. ¶ 27.  Plaintiff also alleges that she incurred unreimbursed work-related expenses of "at least $50.00" for the professional fitting of her work uniforms and approximately $22.00 per week for the professional cleaning of her uniforms.  Id. ¶¶ 36, 38. Plaintiff also seeks penalties under the Private Attorney General Act, California Labor Code § 2699, for each violation of the California Labor Code that she alleges, penalties for Defendants' failure to pay her all amounts due at termination and failure to provide accurate itemized wage statements, and an award of reasonable attorney's fees as permitted by the California Labor Code.  The Notice of Removal avers that the "aggregate of these alleged unpaid wages, unpaid overtime compensation, unreimbursed business expenses, statutory penalties and attorney's fees will far exceed $75,000."  Notice of Removal ¶ 8.

The parties are now before the Court on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6.  Before reaching the merits of Defendants' motion, however, the Court is obligated to examine its subject matter jurisdiction.  See FW/PBS, Inc. v. City of Dall., 493 U.S. 215, 229 (1990); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966-67 (9th Cir. 2004).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331.  Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."  28 U.S.C. § 1332(a).

In a removal predicated on diversity jurisdiction, the amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action.  Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 433 (1977).  This amount excludes costs, but includes attorney's fees.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).  "[S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement."  Snyder v. Harris, 394 U.S. 332, 335 (1969).  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  Any doubts regarding whether the jurisdictional threshold has been met must be construed in favor of remanding the action.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir. 2003).

Here, based on the allegations in the Complaint and Defendants' conclusory assertions in their Notice of Removal, the Court cannot conclude that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.  See id. ("conclusory allegations as to the amount in controversy are insufficient").  Accordingly,

IT IS HEREBY ORDERED THAT the parties are directed to show cause why the instant action should not be remanded to state court for lack of removal jurisdiction.  The parties may respond to this Order by submitting a memorandum, not to exceed ten (10) pages, by no later than March 28, 2011.  Defendants' Motion to Dismiss (Dkt. 6) is DENIED without prejudice, and the March 15, 2011 hearing date on Defendants' motion and the April 6, 2011

1 case management conference are VACATED.  The deadline for Defendants to file a response
2 to the Complaint is held in abeyance pending resolution of the instant Order to Show Cause.
3 This Order terminates Docket 6.
4     IT IS SO ORDERED.
5 Dated: March 11, 2011                           _____
6                                                 SAUNDRA BROWN ARMSTRONG
                                                United States District Judge