UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSICA JIMENEZ, individually and on behalf of all other current and former similarly situated California employees of Defendants,<br><br>        Plaintiff,<br><br>   vs.<br><br>MENZIES AVIATION, INC. and MENZIES AVIATION GROUP (USA), INC.,<br><br>        Defendants. | Case No:  C 10-03477 SBA<br><br>**REMAND ORDER** |

      Plaintiff brings this putative wage and hour class and representative action against Defendants alleging thirteen claims for relief under California law.  See Compl., Dkt. 1. Defendants removed the action to this Court on the basis of diversity jurisdiction.  Notice of Removal, Dkt. 1.[1]  The parties are presently before the Court on an Order to Show Cause ("OSC") why the instant action should not be remanded to state court for lack of subject matter jurisdiction.  Dkt. 20.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby REMANDS the instant action to the Superior Court of California, County of San Francisco, for the reasons stated below.

## I.    __BACKGROUND__

      Plaintiff is a resident of California.  Compl. ¶ 5; Notice of Removal ¶ 3.  Defendants are Delaware corporations with their principal place of business in Texas.  Compl. ¶¶ 9-10;

---

[1] While the complaint is styled as a class and representative action, Defendants did not allege removal jurisdiction based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Notice of Removal.

Notice of Removal ¶¶ 4-5.  Though the complaint is silent as to the amount of damages at issue, Plaintiff alleges that she was employed by Defendants from on or around January 15, 2009 to February 22, 2010, or approximately thirteen months.  Compl. ¶ 15.

The complaint alleges thirteen claims for relief under California law, including claims based on Defendants' failure to pay Plaintiff for all hours worked "off-the-clock."  <u>See</u> Compl.  Plaintiff alleges that she "spent approximately one hour off-the-clock each way (for a total of two hours per shift) waiting and riding [Defendants'] shuttle bus when she parked at [Defendants'] parking lot," and "spent approximately thirty minutes off-the-clock each way (for a total of one hour per shift) waiting, riding and walking when she parked at the SFO employees' parking lot."  Compl. ¶ 27.  Plaintiff also alleges that she incurred unreimbursed work-related expenses of "at least $50.00" for the professional fitting of her work uniforms and approximately $22.00 per week for the professional cleaning of her uniforms.  <u>Id.</u> ¶¶ 36, 38.  Plaintiff seeks penalties under the Private Attorney General Act ("PAGA"), California Labor Code § 2699, for each violation of the California Labor Code that she alleges, penalties for Defendants' failure to pay her all amounts due at termination and failure to provide accurate itemized wage statements, and an award of reasonable attorney's fees as permitted by the California Labor Code.  <u>See</u> Compl.  Plaintiff also seeks injunctive relief and restitution of all wages and monies due under Business & Professions Code § 17200 et seq.  <u>See id.</u>  The notice of removal avers that the "aggregate of these alleged unpaid wages, unpaid overtime compensation, unreimbursed business expenses, statutory penalties and attorney's fees will far exceed $75,000."  Notice of Removal ¶ 8.

## II.   <u>DISCUSSION</u>

### A.   **Legal Standard**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The basic statutory grants of federal-court subject-matter

jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

In a removal predicated on diversity jurisdiction, the amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action.  Hunt v. Wash. State Apple Advertising Comm'n, 432 U.S. 433 (1977).  This amount excludes costs, but includes attorney's fees.  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).  "[S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement."  Snyder v. Harris, 394 U.S. 332, 335 (1969).  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement.  Sanchez, 102 F.3d at 404.

In determining whether the defendant has made such a showing, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy.  See Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  If it is not "facially apparent" that the jurisdictional requirement is satisfied, the court may consider facts in the removal petition and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Id.  Removal "cannot be based simply upon conclusory allegations."  Id.; see Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (speculative argument as to the amount in controversy is insufficient).  The type of evidence necessary to sustain a removal is akin to "summary judgment-type evidence."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

"[R]emoval statutes are strictly construed against removal." <u>Luther v. Countrywide Home Loans Servicing, LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009).  As such, any doubts regarding the propriety of the removal favor remanding the case.  <u>See</u> <u>Gaus</u>, 980 F.2d at 566; <u>Matheson</u>, 319 F.3d 1090.

**B.     OSC Re Remand**

Based on the allegations in the complaint and Defendants' conclusory assertions in the notice of removal, the Court previously determined that it could not conclude that it is more likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000.  Dkt. 20.  Accordingly, the Court directed the parties to show cause why the instant action should not be remanded to state court for lack of subject matter jurisdiction. <u>Id.</u>  In response, Defendants contend that Plaintiff, if successful on her claims, would be entitled to recover $70,736.10 or $67,873.90.  Dkt. 21 at 9.  When attorneys' fees are added to these figures, Defendants contend that the amount in controversy is $88,420.13 or $84,842.38.  <u>Id.</u>  In support of their damages estimates, Defendants rely on the allegations in the complaint and the conclusory four paragraph declaration of Dawn DeRidder, Menzies Aviation's Human Resources Manager for North America.  Dkt. 21-1.

**1.     Diversity Jurisdiction**

As an initial matter, even if the Court were inclined to credit Defendants' damages calculations regarding Plaintiff's claims in full, the amount in controversy would not exceed $75,000.  To exceed the $75,000 threshold requirement, the Court must credit Defendants' attorneys' fees calculation of $17,684.03 or $16,968.48.  Dkt. 21 at 9.  Defendants reached these figures by calculating 25% of the total amounts they estimated for Plaintiff's claims.  However, courts have held that when estimating attorneys' fees for purposes of establishing jurisdiction, the fees that should be considered are those incurred as of the date of removal. <u>See</u> <u>Icard v. Ecolab, Inc.</u>, 2010 WL 2528968, at * 2 (N.D. Cal. 2010). (Hamilton, J.) (citing cases).  Applying this rule, Defendant has not offered evidence that the amount in fees

incurred at the time of removal is sufficient to satisfy the amount in controversy requirement when combined with the total damages calculated by Defendants regarding Plaintiff's claims.

Moreover, even if the Court did not apply this rule, Defendants have failed to sustain their burden to demonstrate that the amount in controversy is satisfied.  Defendants have not provided persuasive "summary judgment-type evidence" establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  The only evidence proffered in support of Defendants' damages calculations is the conclusory declaration of DeRidder, who merely attests that "Menzies has employed a total of 1,032 individuals in non-exempt positions" since 2006, "Menzies employed Plaintiff as a non-exempt, full-time employee from January 15, 2009 to February 22, 2010," and that Plaintiff was employed for 37 pay periods.  DeRidder Decl. ¶¶ 2-4.

The Court finds that Defendants' showing is insufficient to overcome the presumption in favor of remand.  Defendants' damages calculations do not demonstrate that the jurisdictional amount requirement has been met.  For example, despite having access to Plaintiff's employment records, Defendants have failed to provide evidence supporting their assertion that Plaintiff's claim for unpaid overtime compensation is worth $7,923.70.[2] Defendants did not submit any evidence supporting their assertion that Plaintiff is entitled to two hours of overtime per day, five days a week, for nine weeks.  Nor did Defendants submit any evidence supporting their assertion that Plaintiff is entitled to one hour of overtime per day, five days a week, for forty-nine weeks.  Instead, Defendants assume that Plaintiff worked a "full-time schedule" five days a week for 58 weeks.  Further, Defendants failed to submit any evidence establishing Plaintiff's hourly rate during her employment.  In

---

[2] According to Defendants, while stated under different theories, Plaintiff's first, third, and fifth claims all seek recovery for unpaid time Plaintiff spent traveling from her personal vehicle to her work location and from her work location back to her personal vehicle. Dkt. 21.  Defendants assert that "because Plaintiff was already working a full-time schedule, all such hours would be at overtime rates."  Id.  Defendants, however, do not cite to evidence to support this assertion.

this regard, Defendants rely exclusively on the allegations in the complaint to support their assertion that Plaintiff worked for 30 weeks at an hourly rate of $16.44 and 28 weeks at an hourly rate of $14.83.  See Compl. ¶¶ 15-17.  However, the allegations in the complaint do not provide a factual basis for this assertion.  The complaint alleges that Plaintiff was paid at two different hourly rates during her employment and does not specify the exact date when Plaintiff's compensation was reduced from $16.44 to $14.83.[3]  Id. ¶ 17.  Given the foregoing deficiencies, the Court cannot credit Defendants' speculative damages estimate of $7,923.70 for unpaid overtime.

Another example of Defendants' insufficient showing is their damages calculations regarding PAGA penalties.  Under PAGA, an employee may bring a private civil action against his employer for violations of the Labor Code.  Cal. Labor Code § 2699(a).  The civil penalty is $100 dollars for an initial pay period violation and $200 dollars for every subsequent violation.  Cal. Labor Code § 2699(f)(2).  Courts have held that "subsequent" violations in the PAGA context means not just later in time but following notice to the employer that it is in violation of the Labor Code.  See e.g., Trang v. Turbine Engine Components Technologies Corp., 2012 WL 6618854, at *5 (C.D. Cal. 2012) (citing Amaral v. Cintas Corp. No. 2, 163 Cal.App.4th 1157, 1207-1209 (2008)).

Defendants assert that Plaintiff's claims for PAGA penalties for the Labor Code violations alleged in claims one, three, and five of the complaint are worth $21,900.  Dkt. 21 at 5.  In reaching this figure, Defendants rely on DeRidder's declaration in which she attests that Plaintiff worked 37 pay periods during her employment.  DeRidder Decl. ¶ 4.  Defendants then calculate PAGA penalties as follows: "1 pay period @ $100 + 36 pay periods @ $200 each ($7,200) = $7,300).  Dkt. 21 at 5.  Defendants then multiply $7,300 by three to reach a total of $21,900 in PAGA penalties.  Id.  However, Defendants have

---

[3] The complaint alleges that Plaintiff was demoted "in or around August 2009" and her compensation was reduced to $14.83."  Compl. ¶ 17.  DeRidder's declaration, however, does not specify the date when Plaintiff's hourly rate of pay was reduced from $16.44 to $14.83.

provided no evidence supporting their assumption that Plaintiff is entitled to maximum PAGA penalties for the Labor Code violations alleged in claims one, three, and five of the complaint. The complaint does not allege that Defendants were put on notice that they were in violation of the Labor Code prior to Plaintiff's termination. Nor have Defendants provided evidence indicating that they were notified of Labor Code violations prior to Plaintiff's termination. Accordingly, because Defendants have failed to demonstrate that it is more likely than not that Plaintiff's claims for PAGA penalties for the Labor Code violations alleged in claims one, three, and five of the complaint are worth $21,900, the Court cannot credit Defendants damages calculation in this regard.

Finally, Defendants calculate the attorneys' fees in this case to be $17,684.03 or $16,968.48. Dkt. 21 at 9. Defendants reached these figures by calculating 25% of their total damages estimates. Id. However, because Defendants' total damages estimates are based on damages calculations that lack evidentiary support, the Court cannot credit Defendants' attorneys' fees estimate.[4]

In sum, the Court concludes that Defendants have failed to carry their burden to demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendants' showing in response to the OSC is insufficient to overcome the presumption in favor of remand. Moore-Thomas, 553 F.3d at 1244.

## 2.   CAFA Jurisdiction

In response to the OSC, Defendants claim for the first time that the Court has jurisdiction under CAFA. The Court rejects this argument. The notice of removal does not allege that this Court has subject matter jurisdiction under CAFA. Indeed, there is no mention of CAFA in the notice of removal, let alone allegations establishing CAFA jurisdiction. Instead, the notice of removal alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in

---

[4] Given the deficiencies identified above, the Court will not consider the remaining damages calculations provided by Defendants. Even if the Court were inclined to credit those calculations, the amount in controversy would not exceed $75,000.

controversy is greater than $75,000.  Notice of Removal ¶ 9.

Moreover, even assuming for the sake of argument that this case was removed under CAFA, Defendants have failed to sustain their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  Under CAFA, district courts have original jurisdiction in any civil action where: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) any member of the plaintiff class is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2); see also Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007).  When, as here, the Plaintiff fails to plead a specific amount of damages, the Defendants seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  Abrego, 443 F.3d at 683.

The evidence submitted by Defendants in response to the OSC does not establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  The only evidence offered by Defendants regarding putative class members' damages is DeRidder's averment that "Menzies has employed a total of 1,032 individuals in non-exempt positions at San Francisco International Airport" since June 2, 2006.  DeRidder Decl. ¶ 2.  Based on this figure, Defendants calculate that the jurisdictional threshold is satisfied if the average putative class member's claim for damages is $4,844.96.  Dkt. 21 at 10.  According to Defendants, "[w]ith Plaintiff's total claim . . . computing upwards of $67,000 . . . the total amount in controversy across the entire putative class surely exceeds $5,000,000."  Id.  Defendants have not submitted any evidence to support this assertion.  Instead, they offer speculative arguments regarding why class members would "easily" meet the required $4,844.96 average, id., which is insufficient to establish subject matter jurisdiction.  See Gaus, 980 F.2d at 567 (speculative argument as to the amount in controversy is insufficient).  Accordingly, the Court concludes that Defendants have failed to carry their burden to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.

III.     **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      This action is REMANDED to the Superior Court of California, County of San Francisco.

2.      The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 4/8/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge